IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. _____

| | |
|---|---|
| ANNINE JACK | ) |
| | ) |
| Petitioner, | ) |
| | ) **VERIFIED PETITION FOR** |
| v. | ) **DEPOSITION TO PERPETUATE** |
| | ) **TESTIMONY WITH REGARD TO** |
| UNITED STATES OF AMERICA | ) **PROSPECTIVE CAUSE OF ACTION** |
| | ) **UNDER THE CAMP LEJEUNE** |
| Respondent. | ) **JUSTICE ACT** |
| | ) |

The Petitioner, Annine Jack, through counsel, pursuant to Rule 27 of the Federal Rules of Civil Procedure, hereby files the instant verified petition seeking the entry of an order authorizing the pre-suit deposition of Ms. Jack,[1] in order to perpetuate her testimony, and respectfully shows as follows:

1. Petitioner Annine Jack is a citizen and resident of Oceanside, California, in San Diego County. Her street address is 284 Picnic View Lane, Oceanside, California 92056.

2. The Respondent herein is the United States of America.

3. This Court has subject matter jurisdiction with regard to this petition and/or with regard to the prospective cause of action under Fed. R. Civ. P. 27, 28 U.S.C. § 1331 and under the Camp Lejeune Justice Act of 2022 ("CLJA") § 804(d), because this matter arises under and/or the

---

[1] *See, e.g., Obalon Therapeutics, Inc. v. Polyzen, Inc.*, 321 F.R.D. 245, 249-250 (E.D.N.C. 2017) (after reviewing description of witness's health condition in petition, court found that petitioner alleged facts demonstrating immediate need for deposition to perpetuate testimony); See also: *Bishop et al v. United States of America,* No. 7:22-mc-00003 (E.D.N.C. Nov. 3, 2022); *Passantino v. United States of America*, No. 7:22-mc-00006 (E.D.N.C. Jan. 12, 2023); *Nelson v. United State of America*, No. 7:22-mc-00005 (E.D.N.C. Jan. 12, 2023) (granting unopposed petition to perpetuate testimony under Rule 27 in CLJA matters.)

prospective future merits cause of action arises under the Constitution and laws of the United States.

4. This Court has venue with regard to this petition and/or with regard to the prospective cause of action under Fed. R. Civ. P. 27, and CLJA § 804(b) and (d).

5. Pursuant to Fed. R. Civ. P. 27(a)(1)(A), the Petitioner shows that Petitioner (or her Estate representative) expects to be a party Plaintiff to an action cognizable in a United States Court, specifically, the instant District Court, but she cannot presently bring her merits claim or cause it to be brought. Specifically, Petitioner was, during the pertinent times, a military servicemember who asserts and states for the purposes of this Verified Petition, and will in due course allege in her prospective merits claim, that she was stationed in relevant areas at Camp Lejeune, was exposed to contaminated water at Camp Lejeune during relevant times, that she has since been diagnosed with a relevant illness, and that she otherwise intends to allege a merits claim under the CLJA in due course upon the appropriate exhaustion of the administrative pre-suit claims process that is now commenced. However, Petitioner cannot bring such a merits claim against the Respondent in Court at this time, due to the requirement under the CLJA that she first exhaust the pre-suit administrative claims process. See CLJA § 804(h). Counsel for Ms. Jack submitted an Administrative Claim for Personal Injury under the CLJA to the Office of the Judge Advocate General, Tort Claims Unit Norfolk via email on February 17, 2023. Therefore, that pre-suit process has not yet been exhausted.

6. Pursuant to Fed. R. Civ. P. 27(a)(1)(B), the Petitioner shows that the subject matter of the expected action is expected in due course to consist of a merits claim, brought by Petitioner Ms. Jack on her own behalf and/or by her Estate. Petitioner's claim is contemplated to consist of a claim for appropriate relief for harm that was allegedly caused by exposure to the water at Camp

Lejeune, to be alleged in the form of a subsequent Lawsuit Complaint filing in this Court alleging the pertinent substantive elements of the cause of action provided for under the CLJA. The Petitioner's interest in the claim consists of the fact that Petitioner Ms. Jack asserts, and plans to allege (or, in the event of her death, her representative plans to allege on her behalf) a claim for relief under the CLJA. Unfortunately, the Petitioner has been diagnosed with an illness and medical condition that has made her health precarious and is likely to lead to her death in the near future.

7. Petitioner Ms. Jack suffers from advanced Myelodysplastic Syndrome. She is presently 88 years old and was born on October 7, 1934. Ms. Jack lived at Camp Lejeune from 1953 to 1957. Ms. Jack consumed and was exposed to the contaminated water during the requisite time period. After she left Camp Lejeune, Ms. Jack tragically suffered the loss of a child who was stillborn in February 1959. Later that year, she became pregnant again, but lost her second child in a miscarriage in December 1959. In or around 2004, Ms. Jack was diagnosed with uterine cancer. After treatment and surgery, the cancer went into remission. In or around 2009, Ms. Jack began having serious issues with anemia and had a blood transfusion. In November 2019, Ms. Jack was diagnosed with Myelodysplastic Syndrome. The only course of action for treatment so far has been life-saving blood transfusions since other treatments, such as erythropoietin (EPO) have failed. Doctors have informed Ms. Jack that she will die if she is not administered timely blood transfusions, and she now undergoes regular transfusions. Due to Myelodysplastic Syndrome and her age, Ms. Jack is in a fragile condition, and tragically may not survive the administrative claims or litigation process. One reason why preservation of her testimony is sought is because to date, only fragmentary documentary evidence of her military record has been obtained, meaning that

there is urgency to document under oath her personal recollections and with regard to her alleged contaminated water exposure.

8. Petitioner desires to effectuate the prompt preservation of her testimony for the record and for evidentiary purposes with regard to her CLJA claim.

9. Pursuant to Fed. R. Civ. P. 27(a)(1)(C), the Petitioner states as follows the facts that she wants to establish by the proposed testimony and the reasons to perpetuate it:

> a. Petitioner Jack wants to establish by her proposed testimony the facts with her personal testimony with regard to her personal and family background; her career of military service; the relevant periods of time that she spent at Camp Lejeune (for not less than 30 days during the period of 1953 to 1957); the facts to the best of her recollection with regard to her exposure to the water at Camp Lejeune during her time there; her own testimony as to her understanding of her medical history and pertinent medical conditions and illness diagnoses; and her own testimony with regard to her allegations of harm, injury and damages caused by her relevant exposure to water at Camp Lejeune. The reasons why she desires to have her testimony perpetuated are so that her claim is supported and evidenced to the maximum extent possible under the law and so that in the event it is ultimately found and determined that there is liability, that damages and other appropriate relief may be awarded; or, in the event of her likely death, her surviving son and relevant family members and her Estate, may benefit from any appropriate outcome and recovery.

10. Pursuant to Fed. R. Civ. P. 27(a)(1)(D), the Petitioner states as follows with regard to the names or a description of the persons whom the Petitioner expects to be adverse parties and their addresses, so far as known: under the CLJA, the sole adverse party is expected to be the United States, i.e. the Respondent herein.

11. Pursuant to Fed. R. Civ. P. 27(a)(1)(E), the Petitioner states as follows with regard to the name, address, and expected substance of the testimony of the deponent: As to name and address, please see paragraph 1 above. As to the expected substance of the testimony, please see paragraphs 7 and 9(a) above.

12. Petitioner has met and conferred with counsel for the Respondent and has provided to the Respondent's counsel a draft copy of this Petition. Petitioner is authorized to represent that Respondent does not oppose the instant Petition as meeting the standards of Fed. R. Civ. P. 27 but anticipates numerous such requests under the CLJA that may require Court management. In not opposing the instant Petition, Respondent obviously does not concede to any of the prospective merits allegations of the Petitioners, nor does Respondent intend to waive any applicable defenses on the merits under the CLJA.

13. Pursuant to Fed. R. Civ. P. 27(a)(2), the Petitioner states that she intends to serve the United States with the instant Petition.

Wherefore, the Petitioner hereby respectfully requests that the Court enter an Order granting her instant petition and request to perpetuate testimony, and that the Court orders the following pursuant to Fed. R. Civ. P. 27(a)(3):

1. That the person to be deposed is Ms. Annine Jack;

2. That the subject matter of the examination shall consist of the scope of subject matter outlined by the instant Petition, inclusive of all deposition topics that the Petitioner, or the Respondent, deems to be relevant for purposes of the Petitioner's CLJA claims; and

3. That the deposition shall be taken orally and be videotaped.

Dated: April 14, 2023.

/s/ Charles LiMandri
Charles LiMandri
LiMandri & Jonna LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Tel: (858) 759-9930
Fax: (858) 759-9938
cslimandri@limandri.com
California Bar. No. 110841
Attorney for Plaintiff Annine Jack

/s/ David E. Dean
David Dean
Brady Cobin Law Group PLLC
4141 Parklake Avenue, Suite 130
Raleigh, NC 27612
Tel: (919) 573-1433
Fax: (919) 573-1430
ddean@ncestateplanning.com
North Carolina Bar. No. 50091
Local Civil Rule 83.1(d) Counsel for Plaintiff Annine Jack

# VERIFICATION AND DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, the undersigned Petitioner, Annine Jack, hereby states as follows:

1. With regard to the statements and facts asserted in the foregoing Petition, I hereby declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April __13__, 2023.

_Annine M Jack_
Annine Jack